Reese, J.
delivered the opinion of the court.
This, too, is an attachment bill against the same defendant mentioned in the preceding case of Turner vs. Newman and others, and founded on the same facts or allegations. But the attitude of the parties differs widely. The complainants, the holders of the bill of exchange, had commenced a suit at law, by personal service, against Henry Newman and other parties to the bill of exchange, and during the pendency of that suit, Henry Newman was attempting to convey his property beyond the limits of the State. The complainants, it is admitted, do *331 not come within the 8th section of the act of 1836, ch. 43. . But they pray to be substituted to one Bourne, the last endorser upon the bill of exchange, who the bill alleges does not-come within that section. And the complainants pray to be substituted to his rights in that behalf, if entitled to any such substitution, as to which it is not material to enquire. • We have determined, that Turner, in the preceding case, standing in the attitude of Bourne, Had no right, under the provisions of the act of 1836, ch. 43, to file a bill against his co-accommodation endorsers. The substitution then would avail nothing.
But it is said, this is an attachment in the nature of a ne exeat, and the bill could be maintained on general principles, and as auxilliary to the legal remedy. Where the subject matter of a controversy at law is about to be removed so as to defeat the legal remedy a Court of Chancery will interfere. But a suit being commenced at law, by the service of process and being pending, we are not aware that a Court of Chancery possesses the power to impound the property of the defendant for the purpose of satisfying the judgment of the plaintiff, when it shall be obtained. Indeed, since the abolishment of the capias ad respon-dendum which kept the person of the defendant within the jurisdiction of the court to satisfy the plaintiff’s claim, or if he left the State, subjected his bail, there is great chance that fraudulent removals may take place, and a failure of justice ensue. It is for the legislature to supply the remedy, and it can hardly be insisted, that upon that ground, a new and hitherto unknown auxiliary jurisdiction should, as a matter of course, in every case, spring up in the Courts of Chancery.
Let the judgment be affirmed.